RECEIVED
IN ALEXANDRIA, LA
JUN 17 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DARRYL TUCKER AKA PETE DILL | CIVIL ACTION NUMBER 05-0328 |
| VERSUS | SECTION "P" |
| WARDEN ROBERT TAPIA | JUDGE F.A. LITTLE |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMENDATION

Before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Darryl Tucker, pursuant to 28 U.S.C. §2241 on February 22, 2005. Tucker, currently incarcerated at the United States Penitentiary in Pollock, Louisiana, names Warden Robert Tapia as respondent.

## PROCEDURAL HISTORY

On November 10, 1997, Petitioner was convicted on one count of conspiracy to interfere with interstate commerce by robbery in contravention of 18 U.S.C. §1951 in the United States District Court for the Eastern District of Pennsylvania. On March 25, 1998, the U.S. District Court for the Eastern District of Pennsylvania denied his appeal. According to Petitioner, the grounds raised in the appeal included: (1) severance of defendants; (2) incorrectly admitted hearsay testimony; (3) violation of Petitioner's right to confront his accusers (4) violation of right to a fair trial; (5)sentencing error; and (6) violation of 18 U.S.C. §201 (C)(2). Petitioner petitioned the

United States Supreme Court for a writ of certiorari to the United States Court of Appeals for the Third Circuit and was denied on October 4, 1999. *Tucker v. United States* 120 S. Ct. 124.

On November 06, 2000, Petitioner states that he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. [Rec. Doc. 1 p. 3] According to Petitioner, the grounds raised include: (1) ineffective assistance of counsel for failure to call requested defense witness; (2) ineffective assistance of counsel for failing to object to "the in court identification" and failing to move for a mistrial; (3) "presumption as to credibility"; (4) erroneous jury instructions; (5) sentencing issues; and (6) payment of fine required by the judgment. [Id.] On January 12, 2001 the U.S. District Court for the Eastern District of Pennsylvania denied the motion.

In the present petition, Petitioner challenges both his conviction and sentencing based on alleged lack of "federal jurisdiction under the Hobbs Act, §1951(3)".[1] [Rec. Doc.1 p.4]

## LAW AND ANALYSIS

Section 2241 is the proper vehicle used to attack the manner

---

[1] Petitioner asserts that there are two elements to the crime with which he was charged: (1) robbery; and (2) interference with interstate commerce. He states that the government failed to satisfy the second element. Additionally he charges that the jury instruction was incomplete. This did not allow the jury to deliberate whether Petitioner had in fact interfered with interstate commerce.

2

in which a sentence is being executed, and §2255 is the proper means of attacking errors that occurred during or before sentencing. *Ojo v. INS*, 106 F.2d 680, 683 (5th Cir.1997). "A petition under §2241 attacking custody resulting from a federally imposed sentence may be entertained only where the petitioner establishes that the remedy provided for under [28 U.S.C.] §2255 is 'inadequate or ineffective to test the legality of his detention.' " *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111 (5th Cir. 1990) citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

Petitioner's claim for *habeas corpus* relief rests entirely upon the premise that the convictions and sentence imposed by the sentencing court are invalid. He seeks to have his conviction vacated and set aside as a result of events which occurred prior to and during his sentencing. The petition is devoid of any claim solely directed to the manner in which the sentence is being executed. Thus, the instant pleading is properly construed as seeking relief pursuant to §2255 and may only be considered under §2241 if the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Cox, supra*. The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of §2255 rests with the Petitioner. *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). A Petitioner may not avoid the

limitations on filing second or successive §2255 motions by filing a §2241 petition. *Tolliver v. Dobre,* 211 F.3d 876, 878 (5th Cir. 2000) Petitioner neither asserts or offers any evidence to support a claim that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. For these reasons, the undersigned is unwilling to find that the remedy afforded under §2255 is inadequate or ineffective to test the legality of petitioner's incarceration or that this court may properly entertain the present application under §2241.

Additionally, Petitioner is barred from filing a second or successive § 2255 motion in the district court without first obtaining authorization from the circuit court pursuant to 28 U.S.C. §2255 which provides in pertinent part, "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals. .. ." Because Petitioner has filed a previous Motion to Vacate under §2255, the undersigned finds that Petitioner is required to obtain prior authorization from the appropriate court of appeals before a district court can consider a second or successive application. 28 U.S.C. §2244(b)(3)(A). The Petitioner was convicted in the U.S. District Court for the Eastern District of Pennsylvania. Therefore the appropriate court of appeals is the Third Circuit. The Third Circuit has held in cases where second and successive habeas petitions are filed in the district court in error without

first obtaining permission from the appropriate court of appeals, the district court has the option of transferring the case to the court of appeals under 28 U.S.C. §1631 or dismissing the petition. *Robinson v. Johnson,* 313 F.3d 128, 139 (3rd Cir. 2002). The Fifth Circuit has approved a procedure by which district courts transfer to the court of appeals successive petitions for relief under 28 U.S.C. §2255. *In Re Epps,* 127 F.3d 364 (5th Cir. 1997). For this reason, this court finds that this action should be TRANSFERRED to the appropriate court of appeals for consideration as set forth under 28 U.S.C. §§2255 and 2244.

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calendar days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A party's failure to file written objections to the proposed**

5

factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the district judge and that were not objected to by the aforementioned party, except upon grounds of plain error.[2]

THIS DONE AND SIGNED in Alexandria, Louisiana on this ___ day of _____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[2] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).